**FOR PURPOSE LAW GROUP**
May L. Harris, Esq. (Cal. SBN 211210)
Matthew B. Learned, Esq. (Cal. SBN 255499)
408 Nutmeg St.
San Diego, CA 92103
Tel:   (619) 780-3839
Fax:   (619) 780-2451
Email: mlearned@forpurposelaw.com

Attorneys for Respondent,
Pacifica Foundation Inc., a California nonprofit public benefit corporation

ARTHUR Z. SCHWARTZ
Advocates for Justice, Chartered Attorneys
225 Broadway, Suite 1902
New York, NY 10007
Tel.:  212-285-1400
Fax:  212-285-1410
Email: aschwartz@afjlaw.com

Proposed Attorneys for Respondent,
Pacifica Foundation Inc., a California nonprofit public benefit corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN C. VERNILE,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>PACIFICA FOUNDATION INC., a California Nonprofit Public Benefit Corporation,<br><br>　　　　　　　Respondent.<br>_____<br>PACIFICA FOUNDATION INC., a California Nonprofit Public Benefit Corporation,<br><br>　　　　　　　Cross-Petitioner,<br><br>　vs.<br>JOHN C. VERNILE,<br><br>　　　　　　　Cross-Respondent. | Case No.  2:22-cv-02599-SVW-PVC<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PACIFICA FOUNDATION INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date**: August 22, 2022<br>**Time**: 1:30 PM<br>**Courtroom**: 10A<br>**Judge**: Hon. Stephen V. Wilson |

Respondent and Cross-Petitioner, Pacifica Foundation Inc. ("Pacifica") submits the following Separate Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

## ISSUES APPROPRIATE FOR SUMMARY JUDGMENT

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Parties' Response and Supporting Evidence |
|---|---|
| 1. Pacifica is a California nonprofit public benefit corporation started by pacifists in 1946. (Schwartz Decl. ¶ 4.) | |
| 2. Pacifica is run in accordance with its Bylaws and the California Corporation Code. (Schwartz Decl. ¶ 6, Ex. 1.) | |
| 3. The terms of Petitioner's employment with Pacifica were set forth in an employment letter (the "Employment Letter") and an employment Agreement (the "Agreement"). (Schwartz Decl. ¶ 14, Ex. 2, Ex. 3.) | |
| 4. By consenting to binding arbitration, the Parties expressly agreed that in the unlikely event of a dispute between Pacifica and Petitioner "***arising out of [Petitioner's] employment or the termination of employment***" Pacifica and Petitioner would submit their dispute to final and binding arbitration. (Schwartz Decl. ¶ 16, Ex. 2, pg. 2; Ex. | |

| | | |
|---|---|---|
| | 3, pg. 6 (emphasis added).) | |
| 5. | Pacifica terminated Petitioner's employment on November 14, 2019.<br><br>(Schwartz Decl. ¶¶ 28, 30, Ex. 9.) | |
| 6. | On November 15, 2019, Petitioner submitted his initial demand for arbitration to Pacifica (the "Initial Arbitration Demand").<br><br>(Schwartz Decl. ¶ 29, Ex. 8.) | |
| 7. | In or around May 2020, Petitioner formally initiated an arbitration proceeding (the "Arbitration Proceeding") with the American Arbitration Association (the "AAA") as Case No. 01-20-00052636.<br><br>(Schwartz Decl. ¶ 32, Ex. 11.) | |
| 8. | Once Petitioner invoked AAA jurisdiction the proceeding fell under AAA Employment Arbitration Rules.<br><br>(Schwartz Decl. ¶¶ 32, 38 Ex. 16.) | |
| 9. | On September 11, 2020, Dana Welch ("Arbitrator Welch") was appointed was appointed by AAA to act as the sole arbitrator in the parties' employment dispute.<br><br>(Schwartz Decl. ¶ 33.) | |
| 10. | Following the initiation of the | |

| | | |
|---|---|---|
| | arbitration proceeding, Pacifica initiated a counterclaim against Petitioner within the Arbitration Proceeding (the "Counterclaim"). (Schwartz Decl. ¶ 34, Ex. 12.) | |
| 11. | On June 28, 2021, Arbitrator Welch issued an initial scheduling order (the "Initial Scheduling Order"). (Schwartz Decl. ¶ 35, Ex. 13.) | |
| 12. | Petitioner submitted his Pre-Hearing Brief on December 2, 2021. (Schwartz Decl. ¶ 36, Ex. 14.) | |
| 13. | Petitioner's Pre-Hearing Brief did not set out the factual predicate for a defamation claim, did not discuss defamation in its legal analysis, and did not ask for damages for defamation. (Schwartz Decl. ¶ 36, Ex. 14.) | |
| 14. | Pacifica filed its Pre-Hearing Brief on December 3, 2021. (Schwartz Decl. ¶ 37, Ex. 15.) | |
| 15. | Pacifica's Pre-Hearing Brief, like Petitioner's, did not discuss defamation. (Schwartz Decl. ¶ 37, Ex. 15.) | |
| 16. | The AAA Rules do not allow an | |

|   |   |   |
|---|---|---|
|   | amendment of a claim, or the amount of damages sought, without 14-days' notice to the other party.<br>(Schwartz Decl. ¶ 38, Ex.16.) |   |
| 17. | Each party submitted a list of exhibits that they intended to rely on in the Arbitration Proceeding.<br>(Schwartz Decl. ¶ 39, Ex. 17, Ex. 18.) |   |
| 18. | Petitioner's exhibit list included five tape recordings identified as being from 2020 and 2021.<br>(Schwartz Decl. ¶ 39, Ex. 17.) |   |
| 19. | Pacifica filed an objection to Petitioner's exhibit list.<br>(Schwartz Decl. ¶ 39, Ex. 19.) |   |
| 20. | Petitioner revised his list of exhibits in response to Pacifica's objections.<br>(Schwartz Decl. ¶ 39, Ex. 20.) |   |
| 21. | Pacifica again objected and the arbitrator left resolution of those objection to be addressed as and if the objected to exhibits were introduced during the hearing.<br>(Schwartz Decl. ¶ 39, Ex. 21.) |   |
| 22. | The hearings in the Arbitration Proceeding were held December 13-17, 2021 and continued to January 12 |   |

| | | |
|---|---|---|
| | and 25, 2022.<br>(Schwartz Decl. ¶ 40.) | |
| 23. | The Arbitration Proceeding was taped recorded but not transcribed in real time.<br>(Schwartz Decl. ¶ 40.) | |
| 24. | Under AAA Rules transcripts were not permitted without consent and the transcript required approval of the arbitrator; no such consent or approval was given.<br>(Schwartz Decl. ¶ 40, Ex. 16, pg. 18, Rule 20.) | |
| 25. | At no point during Petitioner's case-in-chief did he present testimony, witnesses or documents concerning defamation, except to the extent that he submitted a copy of his October 12, 2019 complaint to Pacifica's Human Resources Director, and briefly discussed it.<br>(Schwartz Decl. ¶ 41.) | |
| 26. | A small portion of testimony from the hearing held on January 12, 2022 was transcribed, without agreement by Petitioner's counsel in this case on or about May 27, 2022 (the "January 12, 2022 Transcript), and mislabeled as testimony from January 20, 2022 (a date where there was no hearing).<br>(Schwartz Decl. ¶ 42, Ex. 22.) | |

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PACIFICA FOUNDATION INC.'S MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 27. | During this portion of Petitioner's testimony, as part of Respondent's rebuttal case, Petitioner's attorney withdrew any "intentional infliction of emotional distress claim, and stated with respect to any defamation claim: "I think the same - well, there has been some evidence that has come in on defamation, I think we should leave that in for now." (Schwartz Decl. ¶ 42, Ex. 22.) | |
| 28. | Prior to the close of testimony, exhibits were admitted either by stipulation or upon motion of the exhibit's proponent. (Schwartz Decl. ¶ 43.) | |
| 29. | At the conclusion of oral testimony from both sides, Arbitrator Welch issued an order regarding the submission of additional documentation that had not previously been introduced through witnesses during the Arbitration Proceeding (the "Post-Testimony Order"). (Schwartz Decl. ¶ 44, Ex. 23.) | |
| 30. | In response to the Post-Testimony Order, Petitioner submitted a list of a number of exhibits which included nine audio files to be considered by Arbitrator Welch (the "Audio Files"), and stated that they were being submitted in order to prove | |

| | | |
|---|---|---|
| | defamation.<br>(Schwartz Decl. ¶ 45.) | |
| 31. | Pacifica objected to Arbitrator Welch considering the Audio Files because Respondent Pacifica had not been put on notice about this new post-termination claim.<br>(Schwartz Decl. ¶ 45, Ex. 24.) | |
| 32. | Since not one witness had been put on the stand to testify about this claim, Pacifica had had no opportunity to address the alleged defamation claim through witnesses, or through cross-examination of Petitioner or his witnesses about the statements complained of and the elements Petitioner needed to establish to prove his defamation claim, or to address whatever affirmative defenses Pacifica may have had.<br>(Schwartz Decl. ¶ 45, Ex. 24.) | |
| 33. | Arbitrator Welch overruled Pacifica's objections and considered the Audio Files.<br>(Schwartz Decl. ¶ 46, Ex. 25.) | |
| 34. | In response, Pacifica demanded that the record be reopened for additional testimony on this new claim.<br>(Schwartz Decl. ¶ 47, Ex. 26.) | |

| | | |
|---|---|---|
| 35. | Arbitrator Welch responded with Scheduling Order No. 4 which simply allowed for the submission of rebuttal briefs.<br><br>(Schwartz Decl. ¶ 50, Ex. 29.) | |
| 36. | Pacifica's counsel again demanded that the hearing record be reopened due to the lack of notice or opportunity to explore the claim and present relevant testimony.<br><br>(Schwartz Decl. ¶ 49, Ex. 28.) | |
| 37. | Each party submitted closing briefs pursuant to Arbitrator Welch's briefing schedule; Pacifica could not address the defamation claim at all until it submitted its Rebuttal Brief.<br><br>(Schwartz Decl. ¶ 51, Ex. 30, Ex. 31.) | |
| 38. | Each party submitted rebuttal briefs pursuant to Arbitrator Welch's briefing schedule.<br><br>(Schwartz Decl. ¶ 53, Ex. 32, Ex. 33.) | |
| 39. | On April 18, 2022, following the conclusion of the Arbitration Proceeding, Arbitrator Welch issued a 41-page written award (the "Arbitration Award").<br><br>(Schwartz Decl. ¶ 54, Ex. 34.) | |
| 40. | In the award, Arbitrator Welch denied all claims that Petitioners firing had | |

| | | |
|---|---|---|
| | been unlawful, but found that he had been denied in a December 20, 2019 broadcast in NYC where a WBAI staff member alleged that he had engaged in a "coup" and had a plan to sell the station. She found this to be defamation "per se," found that "Constitutional malice: had been established because WBAI staff members were hostile toward Petitioner.<br><br>(Schwartz Decl. ¶ 54-56, Ex. 34-35.) | |
| 41. | On April 19, 2022, Petitioner commenced this civil action (the "Petition") seeking an order confirming the Arbitration Award.<br><br>(Schwartz Decl. ¶ 57; Dckt. No. 1.) | |
| 42. | Pacifica opposed the Petition and is seeking an order vacating the Arbitration Award.<br><br>(Schwartz Decl. ¶ 57; Dckt. No. 16.) | |

Dated: August 1, 2022                    **FOR PURPOSE LAW GROUP**

By: /s/ Matthew B. Learned
Matthew B. Learned, Esq.
Attorney for Respondent,
Pacifica Foundation Inc.

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: August 1, 2022 | **ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS** |

By: /s/ Arthur Z. Schwartz
   Arthur Z. Schwartz, Esq.
   Proposed Attorney for Respondent,
   Pacifica Foundation Inc., *Pro Hac Vice*

2

DECLARATION OF ARTHUR SCHWARTZ IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE HEARING ON PETITIONER'S MOTION TO DISMISS CROSS-PETITION

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PACIFICA FOUNDATION INC.'S MOTION FOR SUMMARY JUDGMENT