**FOR PURPOSE LAW GROUP**
May L. Harris, Esq. (Cal. SBN 211210)
Matthew B. Learned, Esq. (Cal. SBN 255499)
408 Nutmeg St.
San Diego, CA 92103
Tel:   (619) 780-3839
Fax:   (619) 780-2451
Email: mlearned@forpurposelaw.com

Attorneys for Respondent,
Pacifica Foundation Inc., a California nonprofit public benefit corporation

ARTHUR Z. SCHWARTZ
Advocates for Justice, Chartered Attorneys
225 Broadway, Suite 1902
New York, NY 10007
Tel.: 212-285-1400
Fax: 212-285-1410
Email: aschwartz@afjlaw.com

Proposed Attorneys for Respondent,
Pacifica Foundation Inc., a California nonprofit public benefit corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN C. VERNILE,<br>　　　　　　　Petitioner,<br><br>vs.<br><br>PACIFICA FOUNDATION INC., a California Nonprofit Public Benefit Corporation,<br>　　　　　　　Respondent.<br><br>PACIFICA FOUNDATION INC., a California Nonprofit Public Benefit Corporation,<br>　　　　　　　Cross-Petitioner,<br><br>vs.<br>JOHN C. VERNILE,<br>　　　　　　　Cross-Respondent. | Case No.  2:22-cv-02599-SVW-PVC<br><br>**SUPPLEMENTAL/CORRECTING DECLARATION IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date**: August 22, 2022<br>**Time**: 1:30 PM<br>**Courtroom**: 10A<br>**Judge**: Hon. Stephen V. Wilson |

Arthur Z. Schwartz declares, under penalty of perjury, as follows:

1. In my initial declaration, we submitted what we though was a copy of one of the two employment agreements Petitioner Vernile signed, a document titled "Draft Agreement," which had the same date as his offer letter. However, we attached an employment agreement for another Pacifica employee. Attached herewith as Corrected Summary Judgment Exhibit 2 is the July 22, 2019 Draft Agreement signed by Petitioner. The Court should disregard the other "Exhibit 2" that we filed.

Dated: August 1, 2022

                                         ___*Arthur Z. Schwartz*___

                                         Arthur Z. Schwartz

EXHIBIT 2

# CONFIDENTIAL

### Draft Interim ED Employment Agreement

## EMPLOYMENT AGREEMENT

This Employment Agreement is entered into as of the date of the last signature affixed hereto, by and between the Pacifica Foundation ("Pacifica" or "Employer"), and John Vernile, ("Employee" or Vernile).

In consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Pacifica and Employee hereby agree as follows:

1. **Position of Employment:** Pacifica will employ the Employee in the position of interim Executive Director of Pacifica (ED) and, in that position, Employee will report to the Pacifica National Board (PNB) but will have the authority of the chief executive of the Foundation. Employee will be supported by, and will work with, a transition team during at least the first three months of employment, with such transition team consisting of the officers of the Pacifica National Board. Pacifica retains the right to change Employee's duties, as may be determined to be in the best interests of the Employer. This position is a full time, exempt, non-union position with supervisory and managerial responsibilities.

    The terms and conditions of the Employee's employment shall, to the extent not addressed or described in this Employment Agreement, be governed by Pacifica's Employee Handbook and existing practices. In the event of a conflict between this Employment Agreement and the Pacifica Employee Handbook or existing practices, the terms of this Agreement shall govern.

    This offer is subject to successful completion of a background check using Pacifica's usual procedures and vendors.

2. **Term of Employment:** Employee's term of employment under this Agreement shall commence on or about August 1, 2019 and shall continue thereafter for an initial term of six months (the "Initial Term"), with any renewal and/or future terms of employment at the sole discretion of the PNB.

    Employee Compensation and Benefits.

    a. Salary. Employee shall be paid a Salary of $120,000 annually, subject to applicable federal, state, and local withholding, such Salary to be paid to Employee in the same manner and on the same payroll schedule in which all Pacifica employees receive payment. Any increases in Employee's Salary for periods beyond the first six months of Employee's employment shall be in the sole discretion of the Pacifica National Board, and nothing herein shall be deemed to require any such increase.

    b. Employee Benefits. Employee shall be entitled to receive or participate in such benefits as are generally provided by Employer to its other employees, as determined or as modified by Employer from time to time, and for which Employee is eligible under the terms of the applicable benefit plans.
    As an employee of the Pacifica Foundation, the following benefits are available to you:

    * Medical          (1st day of the month after 30 days of employment)
    * Dental           (1st day of the month after 30 days of employment)
    * Vision           (1st day of the month after 30 days of employment)
    * Life Insurance   (1st day of the month after 30 days of employment)

# CONFIDENTIAL

*\* Accidental Death & Disability (1st day of the month after 30 days of employment)*

*\* Retirement benefits    (eligible after 30th day of employment)*

*\* Vacation accrual will begin on the first day of the month after you begin employment (monthly vacation is accrued at 0.83 days per month) For the first year of employment only, you will be entitled to take vacation prior to your accrual, for a maximum of 5 days. This vacation will be adjusted against your accrual days as and when available.*

*\* Sick Leave is accrued at one day per month and will be forfeited at year's end if sick leave is not used.*

The 30 day waiting periods noted above come from Pacifia's insurance companies but Employer will attempt to get them waived. If this is not possible, Employer agrees to reimburse Employee for premiums paid by Employee for insurance of the same types noted above during that 30 day period.

3. **Duties and Performance:** Employee will devote the vast majority of his productive time, attention, skill, and energy exclusively to the business of Employer, and will use Employee's best efforts to promote the success of Employer's business. Employee shall perform the customary duties of the offices of Executive Director of Pacifica, and shall perform such other duties as may from time to time be requested of him by the PNB. Employee shall not engage in any other business activities, duties, or pursuits whatsoever, or directly or indirectly render any services of a business, commercial, or professional nature to any other person or organization, whether for compensation or otherwise, without the prior written approval of the PNB. The expenditure of reasonable amounts of time, for which Employee shall not be compensated by Employer, for educational, charitable or professional activities, shall not be deemed a breach of this Agreement if those activities do not interfere with the services required of Employee under this Agreement.

   a. General Duties.

      1. Employee shall render to the very best of Employee's ability, on behalf of the Employer, services to and on behalf of Pacifica, and shall undertake diligently all duties assigned to him by Pacifica.

      2. Employee shall faithfully and industriously assume and perform with skill, care, diligence and attention all responsibilities and duties connected with his employment on behalf of Pacifica.

      3. Employee shall have no authority to enter into any contracts binding upon Pacifica, or to deliberately create any obligations on the part of Pacifica, except as may be specifically authorized by the Pacifica National Board.

   b. Expectations of the Position: The Pacifica National Board expects the Executive Director to increase the total revenue, net income, membership, program quality and listenership of our stations through good management and to ensure that our Archives, National Office and Affiliate Network are maintained and functioning efficiently. The ED will monitor and ensure that all state and federal regulations are complied with and that all legal and HR matters are addressed in a timely manner. In addition it is expected the ED will visit the National Office and our Stations on a regular and as-needed basis. A job description for the Executive Director position is attached to and incorporated into this Agreement to more specifically detail the expectations of the position.

# CONFIDENTIAL

    c. **Specific Duties.** Specific duties of the position are set forth in the ED Position Announcement attached to and incorporated into this Agreement.

4. **Termination of Employment:** Employee's employment with Pacifica may be terminated, prior to the expiration of the term of this Employment Agreement, in accordance with any of the following provisions:

   a. **Termination by Employee.** The Employee may terminate his employment at any time during the course of this agreement by giving 90 days' notice in writing to the Chair of the PNB. During the notice period, Employee must fulfill all his duties and responsibilities set forth above and use his best efforts to train and support his replacement, if any. Failure to comply with this requirement may result in Termination for Cause described below, but otherwise Employee's salary and benefits will remain unchanged during the notification period.

   b. **Termination Other than for Cause.** Pacifica may terminate Employee's employment at any time during the course of this agreement by giving 90 days' notice in writing to the Employee. During the notice period, Employee must fulfill all of Employee's duties and responsibilities set forth above and use Employee's best efforts to train and support Employee's replacement, if any. Failure of Employee to comply with this requirement may result in Termination for Cause described below, but otherwise Employee's salary and benefits will remain unchanged during the notification period. Pacifica, may, in its sole discretion, give Employee severance pay in the amount of the remaining notice period in lieu of actual employment, and nothing herein shall require Pacifica to maintain employee in active employment for the duration of the notice period.

   c. **Termination for Cause.** Pacifica may, at any time and without notice, terminate the Employee for "cause". Termination by Pacifica of the Employee for "cause" shall include but not be limited to termination based on any of the following grounds: (a) failure to perform the duties of the Employee's position in a satisfactory manner; (b) fraud, misappropriation, embezzlement or acts of similar dishonesty; (c) conviction of a felony involving moral turpitude; (d) illegal use or being under the influence of drugs or alcohol in the workplace; (e) intentional and willful misconduct that may subject Pacifica to criminal or civil liability; (f) breach of the Employee's duty of loyalty, including the diversion or usurpation of opportunities properly belonging to Pacifica; (g) willful disregard of Pacifica policies and procedures; (h) breach of any of the material terms of this Agreement; and (i) insubordination or deliberate refusal to follow the instructions of the PNB. (For the purposes of termination for cause, Employee shall be relieved of his duties and shall vacate Employer's premises on the date of the receipt of the notification of Termination for Cause).

   d. <u>Retirement.</u> The close of business on the date of Employee's retirement from employment with Employer.

(For the purpose of Non-renewal or, Termination Other than for Cause, Employer, in its sole discretion, shall determine whether Employee shall be relieved of his duties and shall vacate his office and Employer's premises on the date of the receipt of the notice required by such clauses or if Employer shall remain in the active employment of Employer during such period between the receipt of notice and the effective date of termination of employment.)

This agreement shall be considered to be a "rolling agreement" with notice, and will automatically continue following the initial six month term unless Employee or Employer gives 90 days notice, as

# CONFIDENTIAL

provided above, in which case the agreement will terminate after the 90 day notice period, unless Employee and Employer both agree on a new agreement.

5. **Compensation and benefits payable upon termination other than for cause.**
   a) <u>Salary</u>. If Employee's employment is terminated under circumstances that constitute a Termination Other Than for Cause, while this Agreement is in effect, Employee shall receive his regular Salary then in effect, less all required withholdings, through his last day of employment with Employer.

   b) <u>Severance Pay</u>. If Employee's employment is terminated under circumstances that constitute a Termination Other Than for Cause, Employee is entitled to receive Severance Pay subject to the following terms and conditions:

       i. If Employee's employment is terminated under circumstances that constitute a Termination Other Than for Cause, Employee shall receive his monthly salary on each regular Employer pay period for the lesser of three (3) months (the "Severance Period") after the date of termination, or the then current contract term.

       ii. Severance payments shall be at the same rate as Employee's Salary on the date of termination, and such Salary will not be further adjusted.

       iii. The monthly amounts payable to Employee pursuant to Section 5b shall be reduced by the amount, if any, of monthly payments Employee receives during the Severance Period from any other employer or pursuant to any agreement whereby he acts as an independent contractor.

       iv. During the Severance Period, Employee shall cease to be considered an employee of Employer under the terms of applicable fringe benefits plans and entitled only to those benefits applicable pursuant to the terms and conditions of each plan or program.

6. **Compensation and benefits payable upon resignation, termination for cause or retirement:** In the event that Employee's employment with Employer ends due to Resignation, Termination For Cause, or Retirement, then Employee shall not be paid Severance. Employee shall cease to be considered an employee of Employer under the terms of applicable fringe benefits plans and entitled only to those benefits applicable pursuant to the terms and conditions of each plan or program.

7. **Obligations Upon Termination:** In the event of termination (voluntary or otherwise) of Employee's employment with Employer, Employee agrees, promptly and without request, to deliver to Employer all documents and data pertaining to his employment and the Confidential Information of Employer or Customers, whether prepared by Employee or otherwise coming into his possession or control. Employee will not retain any written or other tangible material containing any information concerning or disclosing any of the Confidential Information of Employer or Customers, including, but not limited to, materials that are printed, type-written, handwritten, or magnetic tape or disk or photographic records, in photographs or negatives, or in any other form. Employee recognizes that such unauthorized taking of Employer's trade secrets could result in civil liability under California's Uniform Trade Secrets Act (Civil Code §§3426-3426.11), and that willful misappropriation may result in an award against Employee for triple the amount of Employer's damages and Employer's attorneys' fees in

# CONFIDENTIAL

collecting such damages.

Employee also agrees that in the event of termination (voluntary or otherwise) of Employee's employment with Employer, Employee will protect the value of the Confidential Information and inventions of Employer and Customers and will prevent their misappropriation or disclosure. Employee will not disclose or use to his benefit (or the benefit of any third party) or to the detriment of Employer or its Customers any Confidential Information. Employee further agrees that for a period of one year immediately following termination (voluntary or otherwise) of Employee's employment with Employer, Employee shall not interfere with the business of Employer by inducing any employee, consultant, vendor, Customer or other entity or individual to sever its relationship with Employer. Employee acknowledges that such inducement would necessarily require the use of Employer's Confidential Information in violation of this Agreement.

8. **Injunctive Relief:** Because Employee's breach of this Agreement may cause Employer irreparable harm for which money is inadequate compensation, Employee agrees that Employer will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

9. **Confidentiality during employment:** Employee agrees that at all times during Employee's employment and following the conclusion of Employee's employment, whether voluntary or involuntary, Employee will hold in strictest confidence and not disclose Confidential Information (as defined below) to anyone who is not also an employee of Pacifica or to any employee of Pacifica who does not also have access to such Confidential Information, without express written authorization of the PNB.

   a. "Confidential Information" shall mean any trade secrets or Pacifica proprietary information, including but not limited to processes, customer lists, research projects, operating methods, cost, pricing, financial data, business plans and proposals, data and information Pacifica receives in confidence from any other party, or any other secret or confidential matters of Pacifica. Additionally, Employee will not use any Confidential Information for Employee's own benefit or to the detriment of Pacifica during Employee's employment or thereafter. Employee also certifies that employment with Pacifica does not and will not breach any agreement or duty that Employee has to anyone concerning confidential information belonging to others.

   b. "Immunity from Liability for Confidential Disclosure of a Trade Secret to the Government or in a Court Filing:
   (1) Immunity—An individual shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that—(A) is made—(i) in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. (2) Use of Trade Secret Information in Anti-Retaliation Lawsuit—An individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual—(A) files any document containing the trade secret under seal; and (B) does not disclose the trade secret, except pursuant to court order."

10. **Expenses:** Pacifica shall pay or reimburse Employee for any expenses reasonably incurred in furtherance of his duties hereunder, including expenses for travel, meals and hotel accommodations,

# CONFIDENTIAL

upon submission of vouchers or receipts maintained and provided to Pacifica in compliance with such rules and policies relating thereto as the organization may from time to time adopt.

11. **Prior Commitments:** Employee has no other agreements, relationships, or commitments to any other person or entity that conflict with Employee's obligations to Employer under this Agreement. Employee will not disclose to Employer, or use, or induce Employer to use, any proprietary information or trade secrets of others. Employee represents and warrants that he has returned all property and confidential information belonging to all prior employers.

12. **Indemnification:** In accordance with the Pacifica Bylaws (Article Nine, Section 7), the Executive Director (or interim Executive Director) is an Officer of the Foundation. As such, the interim Executive Director is covered by the indemnification provisions of Article Eleven of those Bylaws, which covers indemnification of Officers. More specifically, Employer will indemnify Employee for legal expenses and awards resulting from any litigation against the Employer, its stations, and/or Employee, except for cases of intentional misconduct by Employee.

13. **Arbitration:** In the unlikely event of a dispute between Pacifica and the Employee arising out of Employee employment or the termination of employment: Pacifica and Employee agree to submit our dispute to final and binding arbitration with the American Arbitration Association (AAA) or similar provider. Employer and Employee will select a mutually agreeable arbitrator. The arbitration will be held in accordance with AAA's then applicable rules for the resolution of employment disputes, as the exclusive remedy for such controversy, claim or dispute, unless another forum or Arbitrator or Association is agreed to by both parties. A copy of the current AAA employment arbitration rules is available at https://www.adr.org/. Except as otherwise required by law or AAA's rules, Employee and Pacifica will share equally the administrative cost and arbitrator's fees for that arbitration.

By agreeing to arbitration, Employee and Pacifica are agreeing that there will be no court or jury trial of disputes between parties concerning Employee's employment or the termination of Employee employment. The arbitrator will have the discretion to award to the prevailing party reasonable cost and attorney fees incurred in either bringing or defending an action under this agreement, if such cost or fees would be available under the law giving rise to the claim(s) arbitrated. This agreement to arbitrate is intended to be broad (and covers, for example, claims under state and federal laws prohibiting discrimination on the basis of race, sex, age and disability, family, leave, etc. under Title VII of the Civil Rights Act, the California Fair Employment and Housing Act, the American with Disabilities Act, the Employment Retirement income Security Act, the Fair Labor Standards Act, and the California Labor Code), and the claims excluded from final and binding arbitration shall be claims that you may have from worker compensation or unemployment benefits. In addition. Pacifica and Employee agree that Pacifica and Employee shall have the right to seek judicial relief in the form of injunctive and/or other equitable relief under the California Arbitration Act, Code of Civil Procedure section 1281.8.

13. **General Provisions:**

   a. Notices. All notices and other communications required or permitted by this Agreement to be delivered by Pacifica or Employee to the other party shall be delivered in writing to the address shown below, either personally, by electronic means (ed@pacifica.org), or by registered, certified or express mail, return receipt requested, postage prepaid, to the address for such party specified below or to such other address as the party may from time to time advise the other party, and shall be deemed given and received as of actual personal delivery, on the first business day after the date of delivery shown on any such facsimile transmission or upon the date or actual receipt shown on any return receipt if registered, certified or express mail is used, as the

# CONFIDENTIAL

case may be.

Pacifica: 1925 Martin Luther King, Jr. Way, Berkeley, CA 94704-1037

Employee: 135 Prospect Ave. Tarrytown, NY 10591

b. Amendments and Termination; Entire Agreement. This Agreement may not be amended or terminated except by a writing executed by all of the parties hereto. This Agreement constitutes the entire agreement of Pacifica and Employee relating to the subject matter hereof and supersedes all prior oral and written understandings and agreements relating to such subject matter.

c. Successors and Assigns. The rights and obligations of the parties hereunder are not assignable to another person without prior written consent.

d. Severability; Provisions Subject to Applicable Law. All provisions of this Agreement shall be applicable only to the extent that they do not violate any applicable law, and are intended to be limited to the extent necessary so that they will not render this Agreement invalid, illegal or unenforceable under any applicable law. If any provision of this Agreement or any application thereof shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of other provisions of this Agreement or of any other application of such provision shall in no way be affected thereby.

e. Waiver of Rights. No waiver by Pacifica or Employee of a right or remedy hereunder shall be deemed to be a waiver of any other right or remedy or of any subsequent right or remedy of the same kind.

f. Definitions; Headings; and Number. A term defined in any part of this Employment Agreement shall have the defined meaning wherever such term is used herein. The headings contained in this Agreement are for reference purposes only and shall not affect in any manner the meaning or interpretation of this Employment Agreement. Where appropriate to the context of this Agreement, use of the singular shall be deemed also to refer to the plural, and use of the plural to the singular.

g. Counterparts. This Agreement may be executed in separate counterparts, each of which shall be deemed an original but both of which taken together shall constitute but one and the same instrument.

h. Governing Laws and Forum. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of California. The parties hereto further agree that any action brought to enforce any right or obligation under this Agreement shall be subject to the exclusive jurisdiction of the courts of the State of California.

To indicate your acceptance of this employment offer, please sign and date this letter in the space provided on this document and return a completed, signed copy to Pacifica Human Resources at hr@pacifica.org and to the address on the letterhead, by July 31, 2109. Also please scan the signed acceptance letter and e-mail it to us at ed@pacifica.org and to payroll@pacifica.org. This offer shall remain open until that date.

# CONFIDENTIAL

IN WITNESS WHEREOF, Pacifica and Employee have executed and delivered this Agreement as of the date written below.

_____  
John Vernile

Pacifica  
By: _____  
Name: Grace Aaron     July 22nd, 2019  
Title: Chair of the Pacifica Foundation National Board

By: _____  
Name: _____  
Title: _____