Stephen R. Jaffe CSBN (49539)
1 Sansome Street
Suite 3500
San Francisco, California  94104-4436
Telephone:  415.618.0100
Email: stephen.r.jaffe@jaffetriallaw.com

ARTHUR W. LAZEAR (SBN 083603)
LAZEAR MACK
35111 –F Newark Blvd. #275
Newark, CA 94560
Telephone: 510.735.6316
Email: arthur@lazearmack.com

Attorneys for Petitioner JOHN C. VERNILE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN C. VERNILE**,<br><br>    Petitioner,<br><br>    v.<br><br>**PACIFICA FOUNDATION, INC.**,<br>a California nonprofit corporation,<br><br>    Defendants. | Case No.: 2:22-civ-02599 –SVW-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PACIFICA FOUNDATION, INC.'S MOTION FOR SUMMARY JUDGMENT** [FRCP 56]<br><br>Date:         August 22, 2022<br>Time:        1:30 PM<br>Courtroom  10A |

1

## TABLE OF CONTENTS

2                                                                                                                                    **Page**

3  I.    INTRODUCTION ........................................................................................... 1

4  II.   ARGUMENT .................................................................................................. 1

5        A.   Pacifica Does Not Present Any Cognizable Evidence of Arbitrator Bias or
             Abuse. ................................................................................................... 1

6
        B.   Pacifica Always Knew Vernile's Defamation Claim Was Part of the Arbitration
7            And Waived Any Objection To It By Its Complete Silence .............................. 5

8        C.   This Court Has Proper Jurisdiction Of This Action. ......................................... 7

9  III.  CONCLUSION ............................................................................................... 8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

Cases

*Sanchez v. Elizondo*,
    78 F.3d 1216 (9th Cir. 2018) .................................................................................. 8

*Yanowitz v. L'Oréal USA, Inc.*,
    36 Cal. 4th 1028 (2005) .......................................................................................... 4

Statutes

28 USC §1332 ................................................................................................................ 7

9 USC §§1-14 ................................................................................................................ 2

Petitioner, JOHN C. VERNILE ("Vernile"), submits the following memorandum of points and authorities in opposition to the motion of defendant Pacifica Foundation, Inc. ("Pacifica") for a summary judgment for an order dismissing the petition for confirmation of the arbitration award (Dkt 1) and issuing a judgment in favor of John Vernile, the petitioner.

## I.

## INTRODUCTION

Pacifica's motion for summary judgment provides no relevant evidence whatsoever to support a summary judgment in its favor nor does it detract in any manner or respect from the merits of Vernile's motion for summary judgment. Pacifica's motion is an improper and transparent attempt to relitigate the merits of the concluded arbitration proceeding without providing any factual or legal basis to do so.

## II.

## ARGUMENT

**A.   Pacifica Does Not Present Any Cognizable Evidence of Arbitrator Bias or Abuse.**

Pacifica seeks to vacate the arbitration award because it claims Arbitrator Welch was biased. However, Pacifica presents no evidence whatsoever of any bias. Pacifica's argument on this ground collapses without such evidence.

Arbitrator bias (like judicial bias) exists when there is evidence that the arbitrator either (a) failed to disclose facts about himself or herself which would have disqualified the arbitrator to sit in the matter or (b) the arbitrator has a personal or financial interest in the outcome of the matter which would create an actual or perceived conflict of interest. Pacifica's motion is completely devoid of any evidence of either occurring in this instance. Pacifica presents no fact to the court from which this court can conclude any form of arbitrator bias or abuse occurred in the arbitration proceeding. All of Pacifica's complaints about Arbitrator Welch are Pacifica's disagreements with evidentiary or other rulings – none of which constitutes a ground to set aside the the arbitration award.

/ / /

Pacifica also complains about Arbitrator Welch allowing testimony about Vernile's post-termination defamation claim. But it was wholly within the arbitrator's discretion to construe the meaning of the words, "arising out of [Petitioner's] employment or the termination of employment," in the arbitration contract and also to determine which issues are arbitrable (Am. Arb. Assn. Employment Arbitration Rule 6a.[1]  Although Pacifica may disagree with the arbitrator's ruling on the scope of arbitration, her ruling is not evidence of bias or abuse of authority upon which the arbitration award can be set aside.

Pacifica complains the weight of the defamation evidence was insufficient to support the award. However, as the sole trier of fact, the arbitrator had the power and authority to weigh the evidence and render the award. Further, because the arbitrator ruled that Vernile's defamation award was based on "defamation *per se*," the amount of the damages was wholly within her discretion to decide. Indeed, under California law, "defamation *per se*" damages to a successful plaintiff are presumed to exist.

Pacifica's argument invoking the California anti-SLAPP law is a long, rambling exercise in legal futility. In essence, Pacifica asserts it had a constitutional right to defame Vernile with impunity. Even acknowledging (for the sake of argument) the arbitrator's finding that Vernile was "a limited public figure," (a ruling with which Vernile disagrees), that finding does not immunize Pacifica from liability for malicious defamation of its own employee. Free speech is not unlimited and defamatory speech is not protected free speech.

The Federal Arbitration Act (9 USC §§1-14) states that a statutory ground for vacatur is:

> "Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or **in refusing to hear evidence pertinent and material to the controversy**; or of any other misbehavior by which the rights of any party have been prejudiced." (FAA, Section 10) (emphasis added)

/ / /

In fact, during the arbitration proceeding itself, following evidentiary objections from Pacifica,

---

[1] "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

2    Case No. 2:22-civ-02599 –SVW-PVC
**MEMORANDUM IN OPPOSITION TO PACIFICA'S MOTION FOR SUMMARY JUDGMENT [FRCP 56]**

there was a colloquy between Arbitrator Welch and Arthur Lazear during which Ms. Welch explained to counsel for both sides that, under AAA Employment Arbitration Rules, it was not necessary for a witness to establish foundational authenticity for the admission of exhibits and that, without a stipulation for their admission, the arbitrator will decide whether such proffered exhibits are relevant and material and must be admitted. (*See*, Jaffe Dec. Exhibit K, testimony from December 13, 2021, Clip 8)

Pacifica further attempts to create a false legal dichotomy relating to a temporal aspect of Vernile's defamation claim. This dichotomy is asserted regarding defamation of Vernile which occurred *during* his employment by Pacifica versus defamation of Vernile which occurred *after* the separation of his employment by Pacifica. Pacifica then attempts to apply the false distinction in three different ways, none of them valid.

First, Pacifica states that post-termination defamation claims fall outside the scope of the arbitration agreement and should not have been considered by the arbitrator. However, Rule 6a of the American Arbitration Association Rules of Employment Arbitration, under which Pacifica agreed the arbitration would be conducted, provide that the arbitrator has the sole authority and power to construe the *meaning of the arbitration contract* and *the scope of the arbitration proceeding*. (*See*, Fn. 1, *supra*.) In this instance, the arbitrator did exactly that: she ruled that Vernile's defamation claim is described in and embraced by the arbitration contract between the parties and was arbitrable in the proceeding under it. Pacifica may disagree with that ruling, but no lawyer ever agrees with an adverse ruling against him or her. But that ruling does not turn Pacifica's disagreement into a valid ground for vacatur of the final award, especially since Pacifica never challenged that interpretation during the arbitration proceeding.

Pacifica then states that there was no evidence presented by Vernile during the arbitration proceeding regarding defamation which occurred during his employment by Pacifica. *That is a false statement for which Pacifica should be held accountable by the court.* Both Vernile and Sabrina Jacobs testified that the defamation of Vernile by Pacifica began during the period of time

/ / /

of his employment and continued unabated after he was fired. (*See*, Exhibit K to Jaffe declaration,

3

Case No. 2:22-civ-02599 –SVW-PVC

**MEMORANDUM IN OPPOSITION TO PACIFICA'S MOTION FOR SUMMARY JUDGMENT [FRCP 56]**

excerpted testimony of John Vernile and Sabrina Jacobs).

Finally, because defamation is a tort, the attempted distinction of Pacifica between regarding defamation of Vernile occurring *during* his employment by Pacifica and defamation of Vernile occurring *after* the separation of his employment by Pacifica is not legally cognizable. California has long recognized that a series of wrongful acts (such as the making of defamatory statements) can combine into a single, unbroken tort based on continuing violations of the law ("the continuing violation doctrine").  In ruling that a series of wrongful acts of retaliation by L'Oréal against one of its employees for her refusal to terminate the employment of a subordinate which termination the plaintiff employee believed to be illegal, the California Supreme Court stated in *Yanowitz v. L'Oréal USA, Inc.*, 36 Cal. 4th 1028 (2005):

> "Contrary to L'Oréal's assertion that it is improper to consider collectively the alleged retaliatory acts, **there is no requirement that an employer's retaliatory acts constitute one swift blow, rather than a series of subtle, yet damaging, injuries**." *Yanowitz, id.* (emphasis added)

Just as the unlawful retaliation by an employer against an employee by a series of adverse actions is a wrongful act which can be combined into a single claim under the continuing violation doctrine, Pacifica's defamation of Vernile in a series of slanderous and/or libelous statements, commencing during his employment and continuing thereafter, is also a proper application of the same doctrine.  Arbitrator Welch properly exercised her authority under the AAA Employment Arbitration Rules and applied those Rules in construing arbitration contract and the scope of arbitration proceeding and considered evidence regarding both pre-termination and post-termination defamation. Pacifica may not like or agree with that ruling, but it is not a cognizable ground under the FAA for discarding eleven months of dedicated arbitrator work and her carefully reasoned 41-page Final Award.

There is no factual or legal basis for this court to vacate Vernile's arbitration award based on Pacifica's claims of bias or abuse, which never occurred.

/ / /

## B. Pacifica Always Knew Vernile's Defamation Claim Was Part of the Arbitration And Waived Any Objection To It By Its Complete Silence.

Vernile's motion for summary judgment indisputably establishes that Pacifica irrevocably waived its right to object to the inclusion of the defamation claim in the arbitration proceeding. Pacifica's memorandum and accompanying papers in support of its motion for summary judgment only serve to confirm and reinforce the correctness of Vernile's position on this issue.

Pacifica's moving papers prove: (a) its undisputed knowledge of the existence and presence of Vernile's claim for defamation in the arbitration proceeding, and (b) the dozens of opportunities in which Pacifica counsel could have objected to its inclusion but consistently remained silent and failed to do so. Pacifica counsel never said or wrote a word or objected to anyone. Nor does Pacifica present any evidence whatsoever showing that any objection to the inclusion of the defamation claim in the arbitration proceeding was ever made before Vernile filed this proceeding. Now - and only now - has Pacifica, for the first time, raised the issue of the inclusion of the defamation claim in the arbitration. But the time for Pacifica to properly object and preserve that objection has passed. Pacifica's knowing and intentional eleven-month-long silence is a clear waiver of its right to make that objection in this action.

To avoid unnecessary repetition and cumulative evidence, Vernile incorporates into this memorandum the arguments he makes on this waiver issue made in his motion for summary judgment (Dkt. 50-1). However, more needs to be said about waiver in response to various factual statements made by Pacifica in its moving documents.

It is unfortunate and regrettable Vernile must report to this court that factual statements made by Pacifica counsel under oath are knowingly false and deliberately misleading:

- Paragraph 41 of the Schwartz Declaration (Dkt. 47-2) states under oath:

  "**At no point during Petitioner Vernile's direct case during the hearing did he present testimony, witnesses or documents concerning defamation**, except to the extent that he submitted a copy of his October 12, 2019 complaint to Pacifica's Human Resources Director, and briefly discussed it." (emphasis added)

/ / /

/ / /

**MEMORANDUM IN OPPOSITION TO PACIFICA'S MOTION FOR SUMMARY JUDGMENT [FRCP 56]**

- Paragraph 45 of the Schwartz Declaration (Dkt. 47-2) states under oath:

"**Since not one witness had been put on the stand to testify about this claim**, Pacifica had no opportunity to address the alleged defamation claim through witnesses, or through cross-examination of Vernile or his witnesses about the statements complained of and the elements Petitioner needed to establish to prove his defamation claim, or to address whatever affirmative defenses Pacifica may have had." (emphasis added) [2]

- Paragraph 49 of the Schwartz Declaration (Dkt. 47-2) states under oath:

[Schwartz writing to Arbitrator Welch] "You took pre-hearing briefs - Vernile says not one word about defamation. **We took 5 days of testimony - not one word of testimony about defamation.**"

Those three statements, all made under oath, are deliberately false and misleading to the court. And Mr. Schwartz had to know they were false when he signed his declaration.

Exhibit K to the Jaffe Declaration, filed with this memorandum, contains seven transcribed excerpts from the official audio record of the arbitration proceeding for December 13, 2021 and December 15, 2021. They are portions (but far from complete) of witness testimony of John C. Vernile and of Sabrina Jacobs, about Pacifica's defamation of Vernile, presented during Vernile's direct presentation of his claim of defamation. Mr. Schwartz was present for and participated in all of this reported testimony; indeed, Mr. Schwartz cross-examined both these witnesses. It is impossible for Mr. Schwartz to have made those statements under oath in his declaration without knowing they were false at the time he affixed his electronic signature to it.

Finally, Pacifica characterizes Vernile's defamation claim as constituting a "change in claim" or amendment. That is yet another false statement. Vernile never "changed his claim," amended it, nor has Pacifica produced any evidence that such a change was ever made. In fact, Vernile dismissed his claim for intentional infliction of emotional distress. (*See*, Lazear Dec.)

/ / /

/ / /

/ / /

/ / /

---

[2] The same false statement is repeated by Pacifica in its Separate Statement of Undisputed Material Facts, Fact #25.

Pacifica's unfounded claims of "surprise" or "ambush" by a new defamation claim at the end of the arbitration proceeding are pure fictions. Pacifica thus does not provide any ground for this court to vacate the arbitration award on that basis.

### C. This Court Has Proper Jurisdiction Of This Action.

Pacifica argues that Vernile has brought this action in an improper court because Section 13(h) of his employment agreement (*not in* the arbitration section of it) provides: "The parties hereto further agree that any action brought enforce any right or obligation under this Agreement shall be subject to the exclusive jurisdiction *of the courts of the State of California.*" (emphasis added) Pacifica is wrong for at least four reasons.

First, the phrase "courts of the State of California" is vague in its meaning. As argued in Vernile's moving papers in these motions, contracts must be construed by courts against the author of the contract and in the light most favorable to the other party, especially in the case of contracts for mandatory employment arbitration in employment. If Pacifica intended enforcement of an arbitration award rendered under the Employment Agreement it wrote to be exclusively in the Superior Court, it could and should have said exactly that in the document. Instead, it used "courts of the State of California," which can be reasonably construed to mean courts *located* in the State of California. That vagueness must be resolved in favor of Vernile, the non-author of a contract he was required to sign as a condition of his employment.

Second, this action is not "brought to enforce any right or obligation under the [Employment] Agreement." It is a statutory action brought under the Federal Arbitration Act to confirm an arbitration award. As such, it falls outside the requirement of Section 13(h) of the Employment Agreement, no matter what Section 13(h) is construed to mean.

Third, this court has proper jurisdiction of this action because it is properly brought under 28 USC §1332, providing for federal diversity jurisdiction.

Finally, this court has proper jurisdiction of this action because the presence and involvement of interstate commence issues preempts and governs the underlying arbitration award sought by Vernile to be confirmed. Indeed, the award itself references that federal

preemption. (*See*, Vernile moving memorandum) That preemption raises a federal question issue, conferring jurisdiction on this federal court.

Therefore, notwithstanding Pacifica's contention, this action has been properly brought in the correct court.

### III.
### **CONCLUSION**

Vernile's moving summary judgment papers (Dkt. 50 et seq.) and this opposition memorandum combine to produce a single, conclusive, and synergistic result: no genuine issue of material fact exists to impede or prevent a complete confirmation of the arbitration award. They establish beyond any dispute that no grounds whatsoever exist upon which this court has the power to do anything other than to confirm the arbitration award which is the subject matter of this action. *Sanchez v. Elizondo*, 78 F.3d 1216 (9th Cir. 2018).

In its desperation to escape the consequences of the arbitration award, Pacifica and its counsel resorted to making deliberate false and misleading statements to the court under oath for which they should be held accountable.

None of the arguments raised by Pacifica meet the criteria set forth in the Federal Arbitration Act as a ground for vacatur. Pacifica has provided no facts establishing arbitrator bias, no facts establishing arbitrator abuse, or any facts establishing the arbitrator exceeded her authority under the AAA Employment Arbitration Rules under which Pacifica agreed it would be and is bound.

Accordingly, Vernile respectfully requests this court confirm the arbitration award and issue a judgment in his favor.

Respectfully submitted,

THE JAFFE LAW FIRM

LAZEAR MACK

By: _____/s/_____
Stephen R. Jaffe
Attorneys for Petitioner John C. Vernile